IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOGART MUMFORD PARKS, Individually and as the Personal Representative of the Estate of Williams J. Parks, Deceased, CHIYA NICHOLE PARKS,<br><br>      Plaintiffs,<br><br>  vs.<br><br>ROBERT R. WATKINS, M.D., HAMAKUA HEALTH CENTER, INC. doing business as KOHALA FAMILY HEALTH CENTER, UNITED STATES OF AMERICA,<br><br>      Defendants. | CIVIL NO. 11-00304 SOM/KSC<br><br>ORDER GRANTING IN PART, DENYING IN PART DEFENDANT ROBERT R. WATKINS, M.D.'S MOTION TO STRIKE PLAINTIFFS' COMPLAINT |

ORDER GRANTING IN PART, DENYING IN PART DEFENDANT
<u>ROBERT R. WATKINS, M.D.'S MOTION TO STRIKE PLAINTIFFS' COMPLAINT</u>

I. <u>INTRODUCTION.</u>

On June 17, 2011, Defendant Robert R. Watkins filed a motion to strike Plaintiffs' Complaint on the ground that it discloses confidential information regarding a Medical Claims Conciliation Panel ("MCCP") decision that is immaterial and impertinent. Plaintiffs are not permitted to state the result of the MCCP decision. Accordingly, the court grants the motion to the extent it seeks withdrawal from the publicly available record of the portion of the Complaint referring to the MCCP's findings and of the MCCP decision attached as an exhibit to the Complaint, but denies the motion in all other respects. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition

without a hearing.[1]

II.     BACKGROUND FACTS.

Plaintiffs Bogart Mumford Parks ("Bo") and Chiya Nicole Parks ("Chiya"), children of William J. Parks ("Mr. Parks"), filed the present lawsuit against Robert R. Watkins ("Dr. Watkins") and the Kohala Family Health Center ("KFHC"). On July 22, 2009, Mr. Parks, who had metastatic melanoma, passed away at the age of 61. See Compl. ¶ 15. Dr. Watkins had been Mr. Parks's personal friend and had served as his primary care physician for approximately 20 years. See id. ¶ 16. As part of their friendship, Dr. Watkins and Mr. Parks traded their respective services to each other. See id. ¶ 17. Mr. Parks performed carpentry skills for Dr. Watkins at little or no cost. See id. In exchange, Dr. Watkins provided Mr. Parks with complete medical care, which was funded out of Dr. Watkins's own pocket. See id.

On or about June 2007, Mr. Parks allegedly complained to Dr. Watkins about an itchy mole on his left upper back. See id. ¶ 20. Plaintiffs say that Dr. Watkins came to Mr. Parks's home and removed the mole himself. See id. Chiya allegedly asked Dr. Watkins whether he intended to get the mole biopsied. See id. ¶ 21. According to Plaintiffs, Dr. Watkins did not have

---

[1] The moving party failed to comply with Local Rule 83.12, but the court concludes that the motion nevertheless gave the required public notice.

the mole or the surrounding tissue biopsied.  See id. ¶ 23.
Plaintiffs allege that had Dr. Watkins examined the mole at KFHC
(instead of at Mr. Parks's home) using proper medical procedures,
he could have alerted Mr. Parks to an early and curable cancer.
See id. ¶ 20.  Plaintiffs also allege that, from at least June
2007 until Mr. Parks's death two years later on July 22, 2009,
Dr. Watkins failed to properly and timely diagnose, treat, and
refer Mr. Parks or to create proper medical records.  See id.
¶ 13.  They further allege that Dr. Watkins admitted that the
reason for his improper treatment of Mr. Parks was that he did
not want to incur the cost of the biopsy, as he would have had to
pay for that under his arrangement with Mr. Parks.  See id.
¶¶ 42, 49, 51.

Plaintiffs filed a claim with the Hawaii Medical Claims
Conciliation Panel ("MCCP") pursuant to chapter 671 of the Hawaii
Revised Statutes.  See id. ¶ 11.  On January 6, 2011, the MCCP
issued a decision on Plaintiffs' claim.  See ECF No. 1, Ex. 2.
On May 9, 2011, Plaintiffs filed their Complaint in this court.
See ECF No. 1.  At issue in this motion to strike is paragraph 11
of the Complaint, in which Plaintiffs disclosed the finding of
the MCCP.[2]

---

[2] Paragraph 11 of the Complaint reads, in part, "Defendants
are all health care providers as those terms are defined under
the *Medical Claims Conciliation Act*, Chapter 671, Hawaii Revised
Statutes, as amended.  The Plaintiffs have completed the Medical
Claims Conciliation process and have a right to file suit in this

3

III.     STANDARD OF REVIEW.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may act on its own, or on motion made by a party before responding to the pleading or within 20 days after being served with the pleading. Fed. R. Civ. P. 12(f)(1) and (2).

The function of a 12(f) motion is to avoid the use of time or money to litigate spurious issues, instead dispensing with those issues before trial. <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 973 (9th Cir. 2010). "The rationale behind granting motions to strike is to avoid prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety." <u>Wailua Assocs. v. Aetna Cas. & Sur. Co.</u>, 183 F.R.D. 550, 553 (D. Haw. 1998). Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. <u>Id.</u> at 554. A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing on the subject matter of the litigation. <u>Id.</u>

An immaterial matter is that which has no essential or

---

matter." Compl. ¶ 11. This quoted language is followed by an allegation describing the MCCP's finding.

important relationship to the claims or defenses pled.  5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1382 (3d ed. 2004).  An impertinent matter consists of a statement that does not pertain, and is not necessary, to the issues in question.  <u>Wailua Assocs.</u>, 183 F.R.D. at 553 (noting that an allegation is impertinent when it is irrelevant).

As a general rule, a motion to strike is disfavored because it is often used as a delaying tactic and because of the limited importance of pleadings in federal practice.  <u>See</u> <u>Ollier v. Sweetwater Union High School Dist.</u>, 735 F. Supp. 2d 1222, 1223 (S.D. Cal. 2010) (citation omitted).

IV.     <u>ANALYSIS.</u>

In <u>Craft v. Peebles</u>, 78 Haw. 287, 292 n.5, 893 P.2d 138, 143 n.5 (1995), the Hawaii Supreme Court said, "Under HRS chapter 671, MCCP decisions are confidential."  As Dr. Watkins notes, the reference to the MCCP finding and the MCCP decision itself are immaterial because that material is not admissible at trial and serves no purpose other than to disclose confidential information to the public.  <u>See</u> Mot. at 3-4, ECF No. 6.  <u>See also</u> <u>Foster v. A.H. Robins Co., Inc.</u>, 61 F. Supp. 2d 1121, 1124 (D. Haw. 1999) ("results of a prior MCCP proceeding are not admissible at trial").  Dr. Watkins requests that Plaintiffs' Complaint be stricken and that both the Complaint and Exhibit 2 to the Complaint be removed or sealed so they will not be disclosed to

5

the public.  See Mot. at 4.

Plaintiffs argue that the Craft case is not supported by the actual language of chapter 671, which does not state that MCCP decisions are confidential.³  See Opp'n at 3-4, ECF No. 9. Moreover, they argue, none of the prohibitions of section 617-16 is at risk because they have not sought and will not seek to introduce the MCCP decision or the Complaint in evidence. See id. at 7.  Finally, Plaintiffs argue that they were allowed to include the MCCP decision in their pleadings to show that they have satisfied their jurisdictional burden.

---

³ Hawaii Revised Statutes section 671-16 provides:

> No statement made in the course of the hearing of the medical claim conciliation panel shall be admissible in evidence either as an admission, to impeach the credibility of a witness, or for any other purpose in any trial of the action; provided that such statements may be admissible for the purpose of section 671-19, hereof.  No decision, conclusion, finding, or recommendation of the medical claim conciliation panel on the issue of liability or on the issue of damages shall be admitted into evidence in any subsequent trial, nor shall any party to the medical claim conciliation panel hearing, or the counsel or other representative of such party, refer or comment thereon in an opening statement, an argument, or at any other time, to the court or jury; provided that such decision, conclusion, finding, or recommendation may be admissible for the purpose of section 671-19, hereof.

Haw. Rev. Stat. § 671-16.

The court agrees with Dr. Watkins that the Craft case, which clearly states that MCCP decisions are confidential, controls here. Even though the Hawaii Supreme Court's referance to the confidentiality of the MCCP decision is dicta, it is dicta that is clear and directly on point here. A federal court is bound by a state court's interpretation of its own state law. See Bradsaw v. Rickey, 546 U.S. 74, 76 (2005). "A federal court errs if it interprets a state legal doctrine in a manner that directly conflicts with the state supreme court's interpretation of the law. It does not matter that the state supreme court's statement of the law was dictum if it is perfectly clear and unambiguous." Singh v. Curry, 689 F. Supp. 2d 1250, 1256 (E.D. Cal. 2010) (footnotes omitted).

This court is well aware that a party seeking to seal a judicial record bears the burden of overcoming a presumption of public access by demonstrating "compelling reasons." See Kamakana v. City & Cnty. Of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The need to comply with the Hawaii Supreme Court's pronouncement on a matter of state law is compelling. The very use of the word "conciliation" in the term "Medical Claim Conciliation Panel" makes it clear that the MCCP is a dispute-resolution mechanism. Just as confidentiality is thought to enhance the efficacy of voluntary mediation, the Hawaii Supreme Court concluded that the very nature of MCCP proceedings

7

required confidentiality.  See also Lum v. Queen's Medical Ctr., 69 Haw. 419, 422, 744 P.2d 1205, 1207 (1987) (explaining that the Hawaii legislature created the MCCP to encourage early settlement and provide confidentiality); Haw. Rev. Stat. § 671-19 ("It is shall be the duty of every person . . . to cooperate with the medical claim conciliation panel for the purpose of achieving a prompt, fair, and just disposition or settlement of the claim"). See also Jones v. Metropolitan Life Ins. Co., 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010) (striking paragraph that disclosed confidential settlement negotiations).

Plaintiffs argue that they properly included a reference to the MCCP in the Complaint because they were allegedly required to go to the MCCP before pursuing their claims in court.  See Haw. Rev. Stat. § 671-12 ("any person of the person's representative claiming that a medical tort has been committed shall submit a statement of the claim to the medical claim conciliation panel before a suit based on the claim may be commenced in any court of this State.").  Dr. Watkins argues that the filing of a claim with the MCCP is not a prerequisite to bringing a suit in federal court, citing McKenzie v. Hawaii Permanent Medical Group, Inc., 29 F. Supp. 2d 1174 (D. Haw. 1998).

This court need not here address the disagreement about whether an MCCP proceeding was required.  Required or not, there

8

is no prejudice to stating the fact that an MCCP proceeding occurred, and that fact may end up being relevant to certain (possibly nonjury) issues in this case. Arguably, for example, that may have an impact on any award of costs.

By contrast, the court cannot see how the MCCP decision itself will affect court proceedings in this case. Even if it could have such an impact, that circumstance is outweighed by the Hawaii Supreme Court's statement that the matter is confidential. However, it does not follow that the court should strike the entire Complaint because it refers to the MCCP decision in one paragraph. Accordingly, the court grants the motion to the extent it seeks withdrawal of only the reference to the MCCP findings and of the decision itself from the public record, but declines to strike the remainder of the Complaint.

V.   CONCLUSION.

The court grants in part and denies in part Defendant's motion to strike Plaintiffs' Complaint. The court will file the original Complaint under seal. No later than August 9, 2011, Plaintiffs must submit an amended Complaint that deletes the textual reference to the result of (but not the fact of) the MCCP proceeding and deletes the MCCP decision attached as an exhibit to the original Complaint as well. In all other respects, the Complaint may remain unchanged. This amended Complaint will be publicly available.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 5, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Parks v. Watkins, Civ. No. 11-00304 SOM/KSC; ORDER GRANTING IN PART, DENYING IN PART DEFENDANT ROBERT R. WATKINS, M.D.'S MOTION TO STRIKE PLAINTIFFS' COMPLAINT.